IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| R.C., by and through his guardian ad litem John D. Elliott, <br><br> Plaintiff, <br><br> v. <br><br> Richland County Court Appointed Special Advocates, <br><br> Movant, <br><br> v. <br><br> South Carolina Department of Social Services and Palmetto Place Emergency Children's Shelter, <br><br> Defendants. | C/A No. 3:16-cv-03938-DCC <br><br><br> **ORDER** |

This matter is before the Court on Movant Richland County Court Appointed Special Advocates' ("CASA") Motion to Quash Subpoena for Deposition of Lindsey McCallister, filed December 6, 2017. ECF No. 39. Defendant Palmetto Place Emergency Children's Shelter ("Palmetto Place") filed a Response in Opposition and CASA filed a Reply. The Motion has been fully briefed and is ripe for consideration.

On November 28, 2017, Palmetto Place issued a subpoena for the deposition of Lindsey McCallister, a volunteer guardian ad litem ("GAL") for CASA, who served as a GAL for Plaintiff during the time of the underlying abuse and neglect action initiated by Defendant South Carolina Department of Social Services ("SCDSS") and during the time Plaintiff was in the custody of SCDSS. ECF No. 39 at 1. Pursuant to the South Carolina Children's Code, the family court must appoint a GAL for all children in abuse and neglect proceedings, and the GAL must be represented

1

by counsel. S.C. Code Ann. § 63-7-1620(1). CASA argues that any information McCallister has is protected and may not be disclosed pursuant to the Children's Code. ECF No. 39 at 3. Moreoever, CASA contends that any information that McCallister possesses is subject to protections afforded by attorney-client privilege and the work product doctrine. *Id*. at 4. For the reasons set forth below, CASA's Motion to Quash is denied.

## APPLICABLE LAW

Rule 26 of the Federal Rules of Civil Procedure provides that, unless otherwise limited by court order, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden of expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)( 1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by forbidding or limiting the scope of discovery. Fed. R. Civ. P. 26(c)(1). "The scope and conduct of discovery are within the sound discretion of the district court." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995); *see also United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (stating that district courts are afforded "substantial discretion . . . in managing discovery").

Rule 30 gives parties broad leave to depose "any person" who may have relevant information in a case. Fed. R. Civ. P. 30. When a party subpoenas attendance at a deposition, the party receiving the subpoena may move to quash the subpoena under Rule 45, which requires that a district court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A).

## **DISCUSSION**

With respect to CASA's argument that McCallister is prohibited from sharing any information by the Children's Code, the Court finds that the Children's Code, as a South Carolina statute, does not dictate federal discovery and privilege law. All privileges asserted in federal court are governed by Rule 501 of the Federal Rules of Evidence, which provides "[t]he common law— as interpreted by United States courts in the light of reason and experience—governs a claim of privilege unless any of the following provides otherwise: the United States Constitution; a federal statute; or rules prescribed by the Supreme Court." Fed. R. Evid. 501. This case involves both federal and state law claims, and the evidence in dispute appears to be relevant to both the state and the federal claims. The Fourth Circuit Court of Appeals has held that "in a case involving both federal and state law claims, the federal law of privilege applies." *Virmani v. Novant Health Inc.*, 259 F.3d 284, 293 n.3 (4th Cir. 2001). Therefore, for resolution of the present discovery dispute, concerning material relevant to both federal and state law claims, the Court will apply federal privilege law.

There is no federally recognized privilege applicable to GALs. Accordingly, the Court finds that McCallister is subject to being subpoenaed to appear at a deposition. Further, it appears

that McCallister would have information that is both relevant and proportional to the needs of the case.

The Court also rejects CASA's argument that McCallister's testimony should be protected by attorney-client privilege and the work product doctrine. The Court finds that the work product doctrine is inapplicable to the issue at bar. *See Solis v. Food Emp'rs Labor Relations Ass'n*, 644 F.3d 221, 231 (4th Cir. 2011) ("[T]he work product doctrine belongs to the attorney and confers a qualified privilege on documents prepared by an attorney in anticipation of litigation.").

With respect to attorney-client privilege, the Court does not take the expansive view put forth by CASA regarding the scope of this privilege. Pursuant to the Children's Code, the responsibilities and duties of a GAL are to:

> (1) represent the best interests of the child;
>
> (2) advocate for the welfare and rights of a child involved in an abuse or neglect proceeding;
>
> (3) conduct an independent assessment of the facts, the needs of the child, and the available resources within the family and community to meet those needs;
>
> (4) maintain accurate, written case records;
>
> (5) provide the family court with a written report, consistent with the rules of evidence and the rules of the court, which includes without limitation evaluation and assessment of the issues brought before the court and recommendations for the case plan, the wishes of the child, if appropriate, and subsequent disposition of the case;
>
> (6) monitor compliance with the orders of the family court and to make the motions necessary to enforce the orders of the court or seek judicial review;

> (7) protect and promote the best interests of the child until formally relieved of the responsibility by the family court.

S.C. Code Ann. § 63-11-510. It appears that a GAL has many duties that would not implicate attorney-client privilege. However, the Court notes that there are some duties performed by GALs that could be protected; the Court is not making a determination that McCallister would be barred from asserting the attorney-client privilege when appropriate during her deposition.

In the event that any portion of McCallister's deposition containing any identifying information of any minor child is filed with the Court or used in this litigation, the provisions of the Confidentiality Order already filed in this case would be applicable to the filing of those documents. *See* ECF No. 24. Moreover, the parties should follow the procedure outlined in the Order of the Honorable Joseph F. Anderson, Jr., which directs the parties to contact chambers by telephone for instructions prior to filing any confidential document to determine whether redaction is sufficient. ECF No. 37.

Accordingly, CASA's Motion to Quash Subpoena for Deposition of Lindsey McCallister is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 13, 2018
Spartanburg, South Carolina